[No. 34489. Department Two. March 20, 1958.]

KATIE M. TIPSWORD, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*James E. Duree*, for appellant.

*The Attorney General* and *William C. Hallin, Assistant*, for respondent.

[1]Reported in 323 P. (2d) 9.

ROSELLINI, J.—Mosie Tipsword, an employee of the state highway department, was injured when he came in contact with a high voltage cable, maintained by Wahkiakum county PUD. The claim which he thereafter filed with the department of labor and industries was rejected on the ground that he was not in the course of his employment when the injuries were sustained. On January 26, 1955, while his appeal to the board of industrial insurance appeals was pending, he died as a result of these injuries. His widow filed a claim on February 4, 1955, and this claim was likewise rejected for the same reason. On appeal to the board, the decision of the department was upheld; and on a further appeal to the superior court, the department's motion to dismiss for want of sufficient evidence to present to a jury was granted. The widow has appealed, urging that her proof was sufficient to carry the case to the jury.

The evidence most favorable to the widow's position is as follows: For some nine years, Mosie Tipsword had worked for the department of highways. At the time of the accident, he was employed as a heavy equipment operator and was delivering oil in a truck designed for that purpose. It was his custom to leave Raymond at eight a. m., pick up a load of oil at Naselle, deliver it wherever it was needed, return to Naselle, pick up another load of oil, and deliver it to Raymond. His work was classed as extrahazardous, and premiums were paid for his benefit by his employer. His regular working hours were from eight a. m. to four-thirty p. m.; he was paid on the basis of a forty-hour week and received extra pay for overtime. He received no pay for his thirty-minute lunch period, which was taken at some convenient time during the midday. He ate his lunch wherever his duties required him to be at the time and occasionally ate it while driving his truck.

Tipsword's immediate supervisor was Roy Woodward, district engineer for the highway department, but he also obeyed the requests of those in charge of the maintenance crews to whom he delivered oil. He was subject to being

called away from his lunch to make a run if that became necessary.

On the morning of the accident, at approximately eleven-thirty a. m., he had delivered a load of oil to a maintenance crew, working on highway 12-D, near Cathlamet, Washington. After the delivery was completed, the foreman suggested that the men should eat while the tar was heating. Someone proposed that they eat in the shade on the other side of a small bridge adjacent to the highway. Tipsword thereupon took his lunch pail and started across the bridge, where he came in contact with the high voltage cable and sustained the injuries which gave rise to this claim.

The evidence does not disclose that he was directed to eat lunch at that particular time or place or that he was not free to eat elsewhere and at a different time if he chose.

As the department of labor and industries, the board of industrial insurance appeals, and the superior court correctly concluded, the determination of the issue in this case is controlled by our decisions in *D'Amico v. Conguista*, 24 Wn. (2d) 674, 167 P. (2d) 157; *Purinton v. Department of Labor & Industries*, 25 Wn. (2d) 364, 170 P. (2d) 656; *Mutti v. Boeing Aircraft Co.*, 25 Wn. (2d) 871, 172 P. (2d) 249; and *Cugini v. Department of Labor & Industries*, 31 Wn. (2d) 852, 199 P. (2d) 593. And, see, *Hurst v. Washington Canners Co-op.*, 50 Wn. (2d) 729, 314 P. (2d) 651.

In *D'Amico v. Conguista, supra*, this court formulated the following conditions which must be fulfilled before a workman can bring himself within the protection of the workmen's compensation act: First, the relationship of employer and employee must exist between the injured person and his employer (except in some cases where the injured person is an independent contractor); second, the injured person must be in the course of his employment; third, the employee must be in the actual performance of the duties required by the contract of employment; and fourth, the work being done must be such as to require payment of industrial insurance premiums or assessments.

These requirements were reiterated in *Purinton v. Department of Labor & Industries, supra*; *Mutti v. Boeing Aircraft Co., supra,* and *Cugini v. Department of Labor & Industries, supra.*

In *D'Amico v. Conguista, supra,* this court stated flatly that an employee is not in the course of his employment when he is engaged solely in eating lunch, and held that one who was injured while standing about fifteen feet from the spot where his duties were performed, a few minutes before the expiration of his lunch hour, was not covered by the compensation act.

Statements contained in the earlier case of *Young v. Department of Labor & Industries,* 200 Wash. 138, 93 P. (2d) 337, 123 A. L. R. 1171, indicate that the court at that time recognized that a workman might be in the course of his employment while seeking a place to eat lunch or returning from the place where he had eaten. However, this court, in *D'Amico v. Conguista, supra,* expressly rejected this supposition and declared that one of the conditions which must exist before a workman may be entitled to compensation is that he must be engaged in the actual performance of the duties required by the contract of employment.

It could well be contended that Tipsword's choice of a place and time to eat lunch was for the convenience of his employer as well as his own convenience and that this activity was incidental to his employment, inasmuch as it was conducive to his health and comfort and, therefore, to the efficient performance of his duties. However, these factors alone do not bring him within the protection of the act, as its requirements have been defined by this court. Clearly he was not, at the moment when the accident occurred, "engaged in the actual performance of the duties required by his contract of employment." His contract required him to operate an oil truck and limited his lunch hour to thirty minutes, but it did not require him to eat lunch or to eat in a particular place.

It seems to us that the construction which this court, in *D'Amico v. Conguista, supra,* placed upon RCW 51.08.180 (designating that, in order to be eligible for the benefits

of this act, a workman must be in the course of his employment), was much too narrow, and that an interpretation of the statute which extends its benefits to a workman, the nature of whose employment requires him to eat his lunch in the vicinity of his job and incur the hazards which exist there, would be more in accord with the spirit of the act. Judge Jeffers, dissenting in *D'Amico v. Conguista, supra,* ably set forth the arguments in favor of such an interpretation and pointed out that the third condition formulated in the majority opinion was a departure from our previous enunciations. However, the case was decided in 1946 and has been consistently followed since then. The legislature has convened in six regular and two extraordinary sessions since the four conditions were first enunciated and has not seen fit to correct the interpretation. Therefore, we must assume that it was in accord with the legislative intent.

■ Since the appellant's proof fell short of a *prima facie* showing that her deceased husband was engaged in the actual performance of his duties under his contract of employment, the law as previously announced by this court and acquiesced in by the legislature requires us to affirm the decision of the superior court.

Prior to his death, Tipsword filed a claim against Wahkiakum county PUD, owner of the cable. This claim was settled for $7,500. The respondent contends that Tipsword lost his right to claim compensation from the department when he accepted this settlement without having first obtained the department's approval. In view of the disposition which we make of this appeal, we express no opinion on that question.

The judgment is affirmed.

DONWORTH and WEAVER, JJ., concur.

HILL, C. J., and MALLERY, J., concur in the result.