[No. 9776–8–I.   Division One.   January 10, 1983.]

JOHN BERGSMA, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*David L. Harpold* and *Harpold, Hanis & Fiori,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Carol N. Pidduck, Assistant,* for respondent.

CALLOW, J.—Plaintiff John Bergsma appeals a superior court judgment affirming the Department of Labor and Industries' order which rejected Bergsma's workers' compensation claim. The following material facts are established: (1) The accident occurred in a parking area, (2) the accident occurred during a lunch period, (3) neither employee involved in the accident was acting in the course of employment. We affirm.

On August 17, 1978, John Bergsma, an employee of Seattle–Tacoma Box Co. (Seattle–Tacoma), injured his eye during his lunch break. The injury occurred in the Seattle–Tacoma employee parking lot. Seattle–Tacoma did not conduct business in the parking lot, but provided it exclusively for employee parking.

Seattle–Tacoma provided an employee lunchroom inside its building as well as an outdoor employee picnic area. However, on the day of the injury, Bergsma chose to eat lunch in his car parked in the employee parking lot. He finished eating lunch with approximately 10 minutes left in

his lunch break. As he started to walk back to work through the parking lot, he stopped to watch a co–employee work on the co–employee's automobile. While he stood watching, a piece of metal flew out of the car's engine and struck him in the eye.

Bergsma filed a claim for workers' compensation benefits with the Department of Labor and Industries. The Department rejected the claim, holding that the injury was not covered by the Industrial Insurance Act since the injury had occurred in a parking area. The Board of Industrial Insurance Appeals sustained the Department's determination which was in turn sustained by the Superior Court.

On January 6, 1981, the Superior Court entered a judgment concluding that: (1) Bergsma was not in the course of his employment when he was injured; and (2) the parking area where Bergsma was injured was not a jobsite for Bergsma or any of Seattle–Tacoma's employees.

Bergsma claims that the parking lot is a jobsite, as defined by RCW 51.32.015, and he is entitled to workers' compensation benefits since he was injured during his lunch break while on the "jobsite."

RCW 51.08.013 provides that:

"Acting in the course of employment" means the worker acting at his or her employer's direction *or* in the furtherance of his or her employer's business which shall include time spent going to and from work *on the jobsite, as defined in RCW 51.32.015 and 51.36.040,* insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, *except parking areas,* and it is not necessary that at the time an injury is sustained by a worker he or she be doing the work on which his or her compensation is based or that the event be within the time limits on which industrial insurance or medical aid premiums or assessments are paid. The term shall not include time spent going to or coming from the employer's place of business in commuter ride sharing, as defined in RCW 46.74.010(1), notwithstanding any participation by the employer in the ride–sharing arrangement.

(Italics ours.)

■ The Industrial Insurance Act, RCW Title 51, provides workers' compensation benefits for industrial injuries that occur while an employee is acting in the course of employment, RCW 51.08.013, or under certain conditions, during the employee's lunch period, RCW 51.32.015 and 51.36.040. An employee is acting in the course of his employment if he is acting at his employer's direction or in furtherance of his employer's business. RCW 51.08.013 defines "course of employment" to include *coming to and going from work* while on the jobsite, *if* the time spent coming and going is immediate to the actual time that the worker is engaged in his work process, in areas controlled by the employer. RCW 51.08.013 *expressly* excludes *parking areas* from the act's definition of jobsite while coming and going to work.

Jobsite is defined twice in Title 51. RCW 51.32.015 and 51.36.040 define jobsite as "the premises as are occupied, used or contracted for by the employer for the business or work process in which the employer is then engaged". RCW 51.08.013 defines jobsite, in regard to coming and going to work, as that defined in RCW 51.32.015 and 51.36.040, *except for parking areas.*

*Olson v. Stern,* 65 Wn.2d 871, 400 P.2d 305 (1965) discussed whether a parking area was within the legislative definition of a jobsite. The court stated that employer-owned parking areas were excluded from the act and disassociated from the legislative definition of a jobsite. "Unless, then, the parking area is a jobsite for the party claiming immunity from suit, we must accept the idea that the legislature intended to exclude accidents occurring in parking areas from the operation of the workmen's compensation statutes." *Olson,* at 877. Since Stern was

neither "acting at his employer's direction" nor "in the furtherance of his employer's business" . . ., the place assigned to him for parking his car could not be said to constitute a jobsite under the workmen's compensation statutes, but rather it was, as the legislature described it,

a parking area and, therefore, exempt from the workmen's compensation statutes.

*Olson,* at 877.

■ The Seattle–Tacoma parking lot was not a jobsite for Bergsma. An unchallenged finding of fact stated that: "The employee parking area where John Bergsma was injured was not occupied, used, or contracted for by Seattle–Tacoma Box Co. for the business or work process in which it was engaged." Unchallenged findings of fact become the established facts of the case on review and our sole function is to determine whether the findings support the conclusions of law. *Persing, Dyckman & Toynbee, Inc. v. George Scofield Co.,* 25 Wn. App. 580, 612 P.2d 2 (1980). When this finding of fact is applied to the act's definition of jobsite, Seattle–Tacoma's parking lot did not constitute a jobsite but was a parking area exempt from the workers' compensation statutes.

Bergsma cites *In re Hamilton,* 77 Wn.2d 355, 462 P.2d 917 (1969) as persuasive authority for his claim that Seattle–Tacoma's parking lot is a jobsite for its employees. In *Hamilton,* the court applied the "coming and going" rule and held that Hamilton, a Boeing employee, was acting in the course of her employment when she was injured while walking on non–Boeing land located between the employee parking lot and her worksite. Bergsma reasons that if the *Hamilton* court found for Hamilton who was injured on non–Boeing land, surely this court should find for Bergsma who was injured on Seattle–Tacoma owned and controlled property.

However, in *Hamilton,* the court stated:

It is clear that the legislature, in enacting the pertinent legislation, intended to extend coverage to employees injured while going to and from work on the employer's premises, *and to exclude from coverage injuries occurring to an employee in a parking area maintained either on or off the employer's premises.*

(Italics ours.) *In re Hamilton, supra* at 362.

The Legislature expressly precluded parking lot injuries

sustained while coming and going to work from the act's coverage. If Hamilton had been injured on Boeing's parking lot while on her way to work, she would have been precluded from recovery.

*Taylor v. Cady,* 18 Wn. App. 204, 566 P.2d 987 (1977) held that the parking lot exemption to the definition of "jobsite" did not apply to an employee acting in the course of employment when the accident occurred. Accordingly, an employee in such a situation was held to be immune from suit by his fellow employee, pursuant to RCW 51.24.010.[1] The court held that the employee was immune from suit since he was "acting in the course of his employment, at his employer's direction, and in the furtherance of his employer's business." *Taylor,* at 207.

In the instant case, Bergsma sustained his injury on the parking lot during his lunch period. *Tipsword v. Department of Labor & Indus.,* 52 Wn.2d 79, 323 P.2d 9 (1958) held that an employee is not acting in the course of his employment when eating lunch. Here, Bergsma was injured while returning to his worksite and while still in the employee parking lot. RCW 51.08.013 expressly precludes an employee from workers' compensation benefits under these circumstances.

Bergsma has cited numerous cases from other jurisdictions which hold that an employer–owned employee parking area is part of the jobsite. However, no other jurisdiction has a statute similar to RCW 51.08.013, which *expressly* excepts injuries sustained on a parking lot, while going to or from work, from benefits under the workers' compensation act. Indeed, a close reading of the cited cases reveals that if those states had a similar statute, none of the claimants would have received benefits under their workers' compensation acts.

Bergsma further claims that his lunch period was within his course of employment and therefore he is entitled to

---

[1] RCW 51.24.010 was repealed by Laws of 1977, 1st Ex. Sess., ch. 85, § 10, p. 366. For a later enactment, *see* RCW 51.24.030–.100.

workers' compensation benefits.

■ RCW 51.32.015, which is identical to RCW 51.36.040 except for a typographical error, states that:

The benefits of Title 51 RCW shall be provided to each worker receiving an injury, as defined therein, *during the course of his or her employment and also during his or her lunch period* as established by the employer while *on the jobsite*. The jobsite shall consist of the premises as are occupied, used or contracted for by the employer for the business or work process in which the employer is then engaged: *Provided, That if a worker by reason of his or her employment leaves such jobsite under the direction, control or request of the employer and if such worker is injured during his or her lunch period* while so away from the jobsite, *the worker shall receive the benefits* as provided herein: *And provided further,* That the employer need not consider the lunch period in his or her payroll for the purpose of reporting to the department unless the worker is actually paid for such period of time.

(Some italics ours.) RCW 51.32.015 and 51.36.040 authorize workers' compensation benefits for workers who sustained injuries during their lunch period if the lunch period was spent on the employer's jobsite, or, if spent off the jobsite, while the employee was acting in the course of his employment. Since Bergsma was not injured on the jobsite, he is only entitled to benefits if he was injured while acting in the course of his employment.

An employee is acting in the course of his employment when he acts at his employer's direction or in furtherance of his employer's business. RCW 51.08.013. Acting in the course of employment also includes the time spent coming to and going from work while on the jobsite. In RCW 51.08.013, the Legislature expressly excluded parking lots from the "coming and going" rule's definition of jobsite. Thus, if an employee is injured on the parking lot, while coming to or going from work, RCW 51.08.013 precludes the injured employee from workers' compensation benefits.

In *Thompson v. Department of Labor & Indus.,* 10 Wn.2d 277, 116 P.2d 372 (1941), the Washington court applied the coming and going rule to the lunch period.

Moreover, Professor Arthur Larson, in his treatise on workers' compensation law, classifies lunchtime travel in the same category as travel before or after work:

> [L]unch–time injuries are sometimes discussed as if they were a unique problem. Actually, *when the employee has a definite place and time of work, and the time of work does not include the lunch hour, the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions.* This approach aids in achieving consistency in this field, and serves to enlarge the body of precedents giving guidance in particular fact combinations.
>
> . . . [T]he same exceptions apply here as in other going and coming cases, . . . without any attempt to distinguish them merely because they occur at lunch time rather than at the beginning or end of work.

(Italics ours.) 1 A. Larson, *Workmen's Compensation* § 15.51 (1978).

In the instant case, Bergsma had a definite time and place of work: his lunch period was from 11:30 a.m. to 12 p.m. every workday and none of his work was to take place on the employee parking lot. Bergsma chose to eat his lunch in his car for his own convenience and not "necessary for, or an incident to, the furtherance of the employer's business". *Thompson,* at 287. Bergsma was injured on the employee parking lot while returning to work. The coming and going rule applies, as does the rule's parking lot exception. Bergsma was not injured in the course of his employment, and is not entitled to workers' compensation benefits.

The judgment is affirmed.

RINGOLD and SCHOLFIELD, JJ., concur.