[No. 19275-6-II.    Division Two.    December 6, 1996.]

THE DEPARTMENT OF LABOR & INDUSTRIES, *Respondent*, v. CHARLES JOHNSON, *Appellant*.

THE DEPARTMENT OF CORRECTIONS, *Respondent*, v. CHARLES JOHNSON, *Appellant*.

*Wayne L. Williams* and *Rolland, O'Malley, Williams & Wyckoff, P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Aaron K. Owada, Assistant,* for respondent.

ARMSTRONG, J. — For disciplinary reasons, the Department of Corrections assigned Charles Johnson to stay at home and perform no departmental work during his normal working hours. During this time, Johnson amputated three fingers while working on a personal project at his workbench. Johnson was awarded worker's compensation, but the Department challenged the award. The trial court reversed, finding that Johnson was not acting in the

course of his employment. We agree that Johnson was not acting in the course of his employment and, therefore, affirm.

## FACTS

Charles Johnson was employed as a Corrections Officer at the Washington Corrections Center in Shelton, Washington. On June 13, 1990, the Department placed Johnson on administrative home leave for disciplinary reasons. The Department instructed him to remain available for contact by telephone at all times during his scheduled work shift, 7:30 a.m. to 3:30 p.m., Monday through Friday. The Department also instructed Johnson "to perform no department work unless specifically assigned by his supervisor." While at home, Johnson was paid his normal salary and he accrued sick and vacation leave. Johnson had to use this leave if he wanted to be away from his home during his scheduled work hours. On August 6, 1990, during his workshift, Johnson accidentally amputated three of his fingers while working on a personal project at his home workbench.

The Department of Labor and Industries rejected Johnson's claim for benefits, reasoning that Johnson was not in the course of employment when he was injured. The Board of Industrial Insurance Appeals reversed, finding that, because the Department had assigned Johnson to his home and ordered him to perform no Department work, he was injured in the course of his employment. The Department appealed the Board's decision and the trial court reversed the compensation award, holding that Johnson was not acting in the course of his employment when he was injured. Johnson appeals.

## ANALYSIS

### Course of Employment

The Industrial Insurance Act, chapter 51 RCW, is to be

construed liberally in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the employee. *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). RCW 51.32.010 provides that "each worker injured in the course of his or her employment" shall receive worker's compensation. To receive compensation, this statute requires that the injury occur while the worker was within the "course of employment." *Dennis*, 109 Wn.2d at 470; *see also* 1 ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION, § 14.00, at 4-1 (1990) (the course of employment requirement tests work-connection as to time, place and activity). As otherwise stated, the injury must arise within the time and space boundaries of the employment and in the course of an activity whose purpose is related to the employment. 1 LARSON, § 14.00, at 4-1. Unlike most other states, Washington's worker's compensation act does not possess an "arising out of employment" requirement. *Dennis*, 109 Wn.2d at 480. Accordingly, cases from other states are not helpful.

■ Under RCW 51.08.013, "acting in the course of employment" is defined as:

> the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite . . . [and] [i]t is not necessary that at the time an injury is sustained by a worker he or she is doing the work on which his or her compensation is based . . . .

RCW 51.08.013. To determine whether an employee is in the course of employment, the court asks whether:

> the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer; or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest.

*Lunz v. Department of Labor & Indus.*, 50 Wn.2d 273, 278, 310 P.2d 880 (1957).

■ Johnson argues that he was covered because he was performing the work assigned at the time of the injury, i.e., he was at home, not doing Department work during a regular work shift. Johnson urges us to focus broadly and allow coverage regardless of the specific activity he was engaged in at the time of the injury. Any specific activity, so long as not required by his regular duties, would be covered, according to Johnson, because it would necessarily include the negative, i.e., not working. The Department counters that it had not instructed Johnson to do any home projects and that operating the saw was not in furtherance of its interest. The Department urges us to focus narrowly on Johnson's specific activity at the time of the injury. It argues that if that activity was not required by his employment or done at the direction of his employer, then Johnson was not covered. We agree with the Department that our focus should be narrow.

In *Tipsword v. Department of Labor & Indus.*, 52 Wn.2d 79, 80, 323 P.2d 9 (1958), a workman was employed as an oil truck driver for the department of highways. After delivering a load of oil to a construction site, the foreman suggested that he break for lunch with the other employees. Someone suggested that they eat in the shade across a small bridge from the site. As the workman walked across the bridge, he contacted a high voltage cable and sustained mortal injuries. *Tipsword,* 52 Wn.2d at 80-81. The Supreme Court held that the workman was not covered by worker's compensation while walking to the bridge because this activity was not in the course of his employment. *Tipsword,* 52 Wn.2d at 82. The Court considered and rejected a broader analysis which would have allowed coverage where the nature of the employment required the worker to eat at the jobsite and incur the hazards that occurred there. *Tipsword,* 52 Wn.2d at 83. Although the result of *Tipsword* has been modified by RCW 51.32.015, which provides benefits for injuries sustained during a lunch period established by the employer on the jobsite, the reasoning is still valid.

On the other hand, in *Gordon v. Arden Farms Co.,* 53

Wn.2d 41, 49-50, 330 P.2d 561 (1958), the Court found coverage for an employee who was required by her employer to put on a uniform in a designated dressing room just before starting her shift. The employee was injured while descending the stairs from the dressing room to clock-in. *Gordon*, 53 Wn.2d at 43. The Court found that the employee was in the course of her employment from the time she started putting on the uniform because it was required by the employer and there was no break in her status from the time she got dressed until the injury. *Gordon*, 53 Wn.2d at 49.

In both cases, the Court looked at the employee's specific activity at the time of the injury — the narrow focus urged by the Department. Here, Johnson's specific activity was operating a power saw to build a drawer for his personal workbench. The task was not required by his employment contract and his employer did not specifically direct him to build the drawer. Moreover, the project did not further the interest of his employer. The Workmen's Compensation laws were not intended to cover the extensive personal activities in which Johnson was engaged at the time of his injury.

In conclusion, we hold that Johnson was not covered because he was acting for his personal benefit at the time of the injury and the activity was more than an incidental, minor deviation from his normal work activities.[1] The Department, as the prevailing party, is entitled to statutory attorney fees and costs under RCW 4.84.080.

We affirm.

SEINFELD, C.J., concurs.

TURNER, J. (dissenting) — In Washington, an industrial injury does not have to arise out of employment to be compensable, it need merely occur while the worker is in the course of employment:

---

[1] The case does not fit the pattern of the "horseplay" or "lull in work" cases where the courts have found coverage because such conduct is incidental to the work and to be expected by the employer. 1A LARSON, § 23.00 at 5-219-223.

Washington is one of a few states which do not have the "arising out of employment" requirement in their injury statutes. 1 A. Larson § 6.10, at 3-2. Instead, our statutory scheme in general requires that the injury occurred while the worker was within the "course of employment" when injured. RCW 51.32.010. Thus, under our Act, an *injury* need not "arise out of employment" to be compensable.

*Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 480, 745 P.2d 1295 (1987) (quoting *Tilley v. Department of Labor & Indus.*, 52 Wn.2d 148, 155, 324 P.2d 432 (1958)). "And it is not necessary that at the time the injury is sustained he be doing the work on which his compensation is based, or that the event be within the time limits on which industrial insurance premiums or assessments are paid." *Gordon v. Arden Farms Co.*, 53 Wn.2d 41, 45, 330 P.2d 561 (1958) (citations omitted); *see also Tilley*, 52 Wn.2d 148 (injuries suffered during horseplay between tasks recoverable).

Mr. Johnson was assigned to his home as his workplace. He was directed as follows:

While at home, you are:

1. *to remain available for contact by phone or in person at all times during your scheduled work shift;*

2. *to perform no department work unless specifically assigned* by your supervisor; and,

3. to contact no one employed at Cedar Creek Corrections Center during their regularly assigned shift without prior approval from your supervisor. If you desire to retrieve belongings or other items, contact your supervisor.

(Emphasis added).

While on reassignment to his home, Mr. Johnson complied with these requirements and was on duty from 7:30 a.m. to 3:30 p.m. As directed, he performed none of his normal Department of Corrections work while at home. He was thus, "engaged in the performance of the duties required of him by his contract of employment, or

by specific direction of his employer; or . . . in the further-ance of the employers interest" — meeting the test for "course of employment" set forth in *Lunz v. Department of Labor & Indus.*, 50 Wn.2d 273, 278, 310 P.2d 880 (1957).

If the employer wanted to limit Johnson's activities or assign him to a specific workstation within the house at which to perform his duty of performing "no departmental work," it could have done so. The Industrial Insurance Act, RCW chapter 51, is to be construed liberally in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the employee. *Dennis*, 109 Wn.2d at 470.

Applying this standard to the present case, Johnson was at his assigned workplace, during working hours, doing no departmental work, as required. As such, he was within his *course of employment*.

Review denied at 131 Wn.2d 1025 (1997).