[No. 42159-0-I. Division One. April 19, 1999.]

ARTHUR L. BOLDEN, *Appellant*, v. THE DEPARTMENT OF TRANSPORTATION, ET AL., *Respondents*.

*Davidson, Czeisler, Kilpatric & Zeno, P.S.*, by *James E. Sedney* and *Dan W. Kilpatric*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Anne L. Spangler* and *James S. Kallmer, Assistants*, for respondents.

BAKER, J. — Arthur Bolden worked at the Spokane Street Department of Transportation (DOT) site as part of the road vegetation maintenance crew. Bolden approached his vehicle after finishing work, changing his clothes and filling out his time sheet. The vehicle was parked in a mixed-use area in that it was parked with employees' personal vehicles and DOT vehicles in the "parking lot," and it was at a "jobsite" because DOT vehicles were prepared for their duties in the area. As Bolden approached his car, another employee driving a DOT vehicle ran over him. The other employee was on his way home, and drove a DOT vehicle because he was on call for the evening.

Industrial Insurance Act (IIA) benefits were applied for

on Bolden's behalf. He was awarded benefits, which he later attempted to reject. He appealed the award of benefits to the Industrial Insurance Board and King County Superior Court. Both affirmed the award. We reverse, because we find that Bolden was not acting within the course of his employment as defined by the Act, and therefore the parking area exception precludes coverage.

I

The parties agree that the area where Bolden was injured was generally both a jobsite and a parking area. The issue presented is whether this mixed-use area is subject to the RCW 51.08.013 exception from workers' compensation coverage for parking areas.

The IIA provides the exclusive remedy for some workplace injuries. RCW 51.32.010 provides:

> Each worker injured in the course of his or her employment . . . shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever. . . .

This definition demonstrates that overall, the "jobsite" is not the crucial factor in the determination of a worker's IIA benefits, but acting "in the course of employment" is.[1]

Acting in the course of employment means the worker is:

> acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite, as defined in RCW 51.32.015 and 51.36.040, insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, *except parking area[s]*. . . .[2]

---

[1]*See also* RCW 51.32.015 (benefits are provided to a worker who is acting in the course of his employment or eating lunch on the jobsite).

[2]RCW 51.08.013 (emphasis added).

Thus, parking areas are specifically excepted from coverage under the coming and going rule.[3]

The Attorney General argues that the parking area exception applies only if the area is used exclusively as a parking area and is not a jobsite. Jobsite is defined as "premises as are occupied, used or contracted for by the employer for the business o[f] work process in which the employer is then engaged. . . ."[4]

The plain reading of the statute suggests that the appropriate query is whether the injury occurred on a location where the injured employee was acting in the course of his employment (inherently including a jobsite) or a location where he was coming to or going from work, except parking areas.[5] Therefore, "unless a parking lot is itself an employee's 'jobsite' (that is, where the employee is actually working rather than going to or from work), it is exempt from the workers' compensation statute."[6]

Thus, Bolden would be covered if he were acting in the course of his employment, based on the statutory definition. If Bolden had been directed to be in the parking lot, or had been performing work duties there in furtherance of DOT's business, he would be covered.[7] Because he was not, and because he was going from work and injured at a park-

---

[3]*See Olson v. Stern*, 65 Wn.2d 871, 876, 400 P.2d 305 (1965) ("the legislature meant to allay any remaining doubts as to parking areas when, in 1961, it enacted RCW 51.08.013 [further citation omitted], by expressly excluding them from the act, and disassociating them from the legislative definition of what constitutes a jobsite.") *See also Bergsma v. Department of Labor & Indus.*, 33 Wn. App. 609, 613-14, 656 P.2d 1109 (1983) ("The Legislature expressly precluded parking lot injuries sustained while coming and going to work from the act's coverage."); *In re Hamilton*, 77 Wn.2d 355, 356, 462 P.2d 917 (1969). *See also Shelton v. Azar, Inc.*, 90 Wn. App. 923, 932-33, 954 P.2d 352 (1998); *Evans v. Thompson*, 124 Wn.2d 435, 457, 879 P.2d 938 (1994) (Dolliver, J., dissenting); *Belnap v. Boeing Co.*, 64 Wn. App. 212, 216, 823 P.2d 528 (1992).

[4]RCW 51.32.015, RCW 51.36.040.

[5]RCW 51.08.013.

[6]Alan Stephens, Annotation, *Workers' Compensation: Coverage of Injury Occurring in Parking Lot Provided by Employer, While Employee was Going to or Coming From Work*, 4 A.L.R.5TH 443, § (b) at 467 (1992).

[7]*See* RCW 51.08.013; *Belnap*, 64 Wn. App. at 220.

ing area, he is not covered. The court's reasoning in *Olson v. Stern,* is on point:

> Unless, then, the parking area is a jobsite for the party claiming immunity from suit, we must accept the idea that the legislature intended to exclude accidents occurring in parking areas from the operation of the workmen's compensation statutes. Appellant Arthur Olson, being on shift, and driving a motor scooter loaded with the tools of his task as he went about his job, was, of course, then 'acting in the course of employment' in accordance with RCW 51.08.013, and the situs of the accident became as to him immaterial.[8]

This analysis synthesizes the plain language of the RCW 51.08.013 parking lot exception for the coming and going rule with the case law. In *Taylor v. Cady,* an employee sued his co-worker who was injured by the co-worker's car which was left running in the parking lot.[9] The injured employee was within the course of his employment duties, and the co-worker was on his way to make a bank deposit for the employer when he was called back to the office for a phone call.[10] The issue was whether the co-worker had immunity under IIA.[11] The court held that the parking lot exception is not absolute because:

> the statutory definition excepting parking areas does not mean that one can never be acting within the course of his employment while in a parking area or that a parking area cannot be a jobsite. If the parking area is a jobsite for a negligent employee, or a negligent employee is acting within the course of his employment while in the parking area, an action for injuries caused there by such employee is barred by the grant of immunity.[12]

The injured worker was covered by the IIA. The issue was

---

[8]*Olson,* 65 Wn.2d at 877.

[9]18 Wn. App. 204, 205, 566 P.2d 987 (1977).

[10]*Id.*

[11]*Id.* at 206.

[12]*Id.* at 207.

whether his co-worker was as well, and thus immune from suit. Because the negligent employee was acting in the course of his employment, it was a jobsite and he was covered by the IIA, and the injured employee's action was barred by the IIA grant of immunity.[13]

*Taylor* does not require coverage for Bolden, but rather requires that Bolden's status be analyzed in light of the parking area exception.[14] If Bolden were acting within the course of his employment he would be covered by the IIA. He was not.

The Attorney General argues that the IIA should be construed liberally in favor of coverage, with deference given to the Board's decision. We hold that the Board decision was contrary to the statute. However persuasive the policy arguments of the Attorney General may be, they are better directed to the Legislature.

In summary, "if an employee is injured on the parking lot, while coming to or going from work, RCW 51.08.013 precludes the injured employee from workers' compensation benefits."[15] If Bolden were actually using the parking lot as his jobsite, i.e. in furtherance of his employer's business purpose, at the time of the injury, he would be covered.[16] Because he was not performing his work-related duties, however, and because the site of the accident was a parking area, he is not covered.

Reversed.

KENNEDY, C.J., and COLEMAN, J., concur.

Review denied at 139 Wn.2d 1023 (2000).

---

[13]*Id.*

[14]*Id.*

[15]*Bergsma*, 33 Wn. App. at 615.

[16]*Id.* at 616.