[No. 45423-4-I. Division One. August 7, 2000.]

THE BOEING COMPANY, *Appellant*, v. JAMES J. ROONEY, ET AL., *Respondents*.

---

*Gilbert M. Stratton* (of *Craig, Jessup & Stratton*), for appellant.

*James J. Rooney*, pro se.

*Christine O. Gregoire, Attorney General*, and *Anastasia R. Sandstrom, Assistant*, for respondent Department of Labor and Industries.

COLEMAN, J. — James Rooney was injured when he slipped and fell while returning to work at Boeing's Harbour Pointe facility in Everett. Rooney slipped in a grassy area adjacent to a parking lot within the compound. The Department of Labor and Industries granted Rooney's claim for benefits under the Industrial Insurance Act, and Boeing appealed. The award of benefits was affirmed by the Board of Industrial Insurance Appeals and later by the Superior Court. We hold that the Board did not err in finding that Rooney's injury fell within the "going and coming" rule in RCW 51.08.013, and thus he was entitled to coverage under the act. Therefore, we affirm.

The facts of the case are not in dispute. On February 14, 1997, Rooney was employed at Boeing's Harbour Pointe facility on a shift that ran from 5:00 a.m. to 1:30 p.m. His scheduled lunch period was between 10:30 and 11:00 a.m. Rooney left the Boeing facility to return home for lunch and returned to an employee parking lot within the facility at approximately 10:50 a.m., 10 minutes before the end of his lunch period. Rooney slipped on a grassy slope between the parking lot and an interior access road and was injured.

The Industrial Insurance Act, Title 51 RCW, provides coverage for workers who are injured in the course of their

employment. *See* RCW 51.32.010. Under RCW 51.08.013(1), " '[a]cting in the course of employment' " is defined to include travel to and from work on the jobsite in areas controlled by the employer. The statute provides:

> "Acting in the course of employment" means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite, as defined in RCW 51.32.015 and 51.36.040, insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, except parking area. It is not necessary that at the time an injury is sustained by a worker he or she is doing the work on which his or her compensation is based or that the event is within the time limits on which industrial insurance or medical aid premiums or assessments are paid.

"Jobsite" is defined in RCW 51.32.015 and RCW 51.36.040 as "the premises as are occupied, used or contracted for by the employer for the business or work process in which the employer is then engaged[.]" *See also Hamilton v. Department of Labor & Indus.*, 77 Wn.2d 355, 358-59, 462 P.2d 917 (1969) (noting that RCW 51.36.040 appears to contain a typographical error).

■ In arguing that Rooney was not entitled to benefits under the Act, Boeing initially suggests that Rooney was not acting within the scope of his employment because he left the facility to eat lunch at home. In support of this argument, Boeing cites *In re Morrill*, No. 29704, Bd. of Indus. Ins. Appeals (Dec. 7, 1970), in which the Board denied coverage for a worker who died after he was stung by a bee during his lunch period while attempting to remove honey from a tree at the jobsite. The case is not analogous. Here, Rooney was injured while returning to work, at the end of his lunch period. Our cases make clear that the determination of whether benefits are available in this situation is governed by the rule of coverage set forth in RCW 51.08.013.

> [W]hen the employee has a definite place and time of work, and time of work does not include the lunch hour, the trip away

from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions.

*Bergsma v. Department of Labor & Indus.*, 33 Wn. App. 609, 616, 656 P.2d 1109 (1983) (quoting 1 ARTHUR LARSON, WORKMEN'S COMPENSATION LAW § 15.51 (1978) (emphasis omitted)).

Under this statute, an employee is acting at the employer's direction or in furtherance of the employer's business while returning to work on the jobsite immediately before the employee is engaged in the work process, except when the employee is in a parking area. RCW 51.08.013(1). If these criteria are satisfied, then the employee is acting in the course of employment and is entitled to coverage under the Act. Thus, these criteria govern our inquiry in this case.

In reviewing Rooney's claim, the Board ruled that the statute's exclusion of parking areas did not prevent coverage because the exclusion applied only to areas where vehicles are parked, such as an employee parking lot or garage. Because the grassy slope where Rooney was injured was not used as a parking area, the Board concluded that his injury was covered. Boeing contends that this conclusion is erroneous, citing *Bergsma* and *Bolden v. Department of Transportation*, 95 Wn. App. 218, 974 P.2d 909 (1999), *review denied*, 139 Wn.2d 1023 (2000). But in both of these cases, the claimants were injured in employer parking lots. *See Bolden*, 95 Wn. App. at 219; *Bergsma*, 33 Wn. App. at 614. Boeing does not cite any case in which the court extended the parking area exclusion to apply to areas adjacent to a parking lot.

 We review the Board's interpretation of the parking area exclusion de novo. *See Ackley-Bell v. Seattle Sch. Dist. No. 1*, 87 Wn. App. 158, 165, 940 P.2d 685 (1997). Our fundamental objective in interpreting a statute is to ascertain and carry out the Legislature's intent. *State v. Alvarez*, 128 Wn.2d 1, 11, 904 P.2d 754 (1995). Here, we find that the Board's interpretation of a parking area is in accord with the term's ordinary meaning. *See Alvarez*, 128 Wn.2d at 11

(quoting *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991)). We further note that the Legislature has explicitly directed that the provisions of the Industrial Insurance Act are to be liberally construed "for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. The Board's narrow interpretation of the exclusion is consistent with the Legislature's mandate to liberally construe the Act's provisions in favor of the employee's right to coverage. *See* RCW 51.12.010; *Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 314, 849 P.2d 1209 (1993); *Seattle Sch. Dist. No. 1 v. Department of Labor & Indus.*, 116 Wn.2d 352, 360, 804 P.2d 621 (1991). We conclude that the Board correctly determined that the exclusion does not apply to preclude coverage in this case.

Boeing further argues that Rooney was not injured on the "jobsite," arguing that the term refers only to areas dedicated to the employer's work processes or regularly used for the employer's business or work processes. Because the company does not conduct its business, the production of interior airplane parts, on the grassy strip where Rooney was injured, Boeing contends that his injury does not fall within the coverage provided under RCW 51.08.013.

"Jobsite" is defined under the Industrial Insurance Act as the premises occupied, used, or contracted for by the employer for the business or work process in which the employer is engaged. *See* RCW 51.32.015. On its face, this definition does not, as Boeing suggests, indicate that the term refers only to areas that are regularly used for or dedicated to work processes. This interpretation of the Act also does not comport with previous Board decisions finding coverage for injuries in areas that are part of the employer's production facility but are clearly not work sites, such as stairwells, restrooms, and cafeterias. *See In re Polmanteer*, No. 88 0362, Bd. of Indus. Ins. Appeals (May 8, 1989) (finding coverage for an injury that occurred during a lunch period in an employee break room). We accord substantial

weight to the agency's interpretation of the Act. *Ackley-Bell*, 87 Wn. App. at 165 (citing *Littlejohn Constr. Co. v. Department of Labor & Indus.*, 74 Wn. App. 420, 423, 873 P.2d 583 (1994)).

In arguing that Rooney was injured off of the jobsite, Boeing cites *Heim v. Longview Fibre Co.*, 41 Wn. App. 745, 707 P.2d 689 (1985). The worker in *Heim*, however, was injured on a county road near the entrance to his employer's property, a few feet from the property line. *See Heim*, 41 Wn. App. at 746. Because the worker was off company property at the time of his injury, the court held that there was no coverage under the Act. *Heim*, 41 Wn. App. at 749. The court noted, however, that the "going and coming" rule in RCW 51.08.013 generally provides coverage when an employee is injured while going to work on the employer's premises. "It is clear that the legislature, in enacting the pertinent legislation, intended to extend coverage to employees injured while going to and from work on the employer's premises, and to exclude from coverage injuries occurring to an employee in a parking area maintained either on or off the employer's premises." *Heim*, 41 Wn. App. at 748 (quoting *Hamilton*, 77 Wn.2d at 362) (citations omitted).

Our Supreme Court has stated that except for the express parking area exclusion, RCW 51.08.013 adopts a rule of coverage that had been developed by the courts to provide a remedy for employees injured while traveling to their work stations on their employers' premises.

> Generally speaking, the "going and coming" rule as originally applied in the field of industrial insurance denied recovery to a workman injured in the course of his journey either to or from his actual place of work. This rule proved too harsh in its application under all circumstances involving an employee's travel to and from the actual location of his work and exceptions began to evolve, one of which permitted compensation for injuries received by a workman while proceeding on the employer's premises to or from the actual site of his work. This exception then gradually developed in recognition to the extent

that it, in effect, supplanted and became the generally accepted "going and coming" rule.

*Hamilton*, 77 Wn.2d at 359-60 (citations omitted).

We conclude that the definition of the term "jobsite" that Boeing suggests is not supported by the language of the statute, our previous interpretations of the Act, or the Act's broad mandate in favor of coverage. Therefore, we find that the Board did not err in finding that Rooney was on the jobsite at the time of his injury.

Boeing further asserts that it did not control the area where Rooney was injured. Rooney was injured on the grounds of Boeing's private production facility at Harbour Pointe. A fence encloses the compound, and access is restricted. Boeing makes no further argument to show its lack of control of the area and does not point to any evidence in the record to support this assertion. Therefore, we reject this argument.

Boeing finally contends that Rooney's injury was not immediate in time to his work, noting that there was no evidence concerning how much time Rooney required to return to his building. That is not, however, the test articulated in the statute. The statute provides that coverage is available if a worker is injured while returning to work immediately before the worker is engaged in work activity. Here, Rooney was injured eight or nine minutes before his shift was to resume. Boeing argues that this time period does not fall within the coverage provided under the statute, citing *Bergsma*. But in *Bergsma*, as discussed above, the worker was injured in a parking lot, and thus could not recover under the "going and coming" rule regardless of the time that remained before his next shift. *See Bergsma*, 33 Wn. App. at 614 ("[N]o other jurisdiction has a statute similar to RCW 51.08.013, which *expressly* excepts injuries sustained on a parking lot, while going to or from work, from benefits under the workers' compensation act."). We conclude that the Board did not err in finding that

Rooney was injured within the time period covered by the statute, and we affirm.

BECKER, A.C.J., and WEBSTER, J., concur.