52 P.3d 560 (2002)
113 Wash.App. 166
PUGET SOUND ENERGY, INC., Appellant,
v.
John M. ADAMO, Respondent.
No. 49898-3-I.
Court of Appeals of Washington, Division 1.
August 23, 2002.
*561 John R. Wasberg, Dept of Labor & Industries, Seattle, WA, for Defendant DLI.
Michael L. Hall, Perkins Coie, Seattle, WA, for Appellant.
Kathryn Carman Comfort, Small Snell & Weiss Ps, Tacoma, WA, for Respondent.
BECKER, C.J.
John Adamo was injured when he slipped and fell in a parking area while about to get into a company truck and drive home from work. He was required to take the truck home in order to have it available to respond to emergencies. The Board of Industrial Insurance Appeals affirmed an award of benefits, and its decision was later affirmed by the superior court. We hold that the court did not err in concluding that Adamo was acting in the course of employment when he fell, and he was entitled to coverage under the Act notwithstanding the statutory exception for parking areas.
The essential facts are not in dispute. Adamo was employed as a public improvement inspector at Puget Sound Energy. His duties included locating and repairing damaged gas lines. As part of his job, Adamo was assigned a company truck. Adamo was required to take the assigned truck home so that he would be able to transport himself and his tools to emergencies on an on-call basis. He used the truck to commute to and from work, as well as for job assignments during regular working hours.
On December 24, 1998, Puget Sound Energy gave Adamo and other employees permission to leave work early. Adamo left the building and walked to his company truck. The truck was parked in Puget Sound Energy's employee parking lot. Adamo slipped on ice and snow in the parking area and sustained an injury.
In June 1999, Adamo filed for workers' compensation benefits. The Department of Labor and Industries allowed Adamo's claim. Puget Sound Energy appealed to the Board of Industrial Insurance Appeals.
In February 2001, the Board affirmed the Department's decision in a final decision and order. Puget Sound Energy then appealed to King County Superior Court. The superior court, affirming the Board's decision, concluded that Adamo "was acting in the course of his employment ... when he fell in a parking lot". On appeal, Puget Sound Energy assigns error to this conclusion.
A conclusion of law regarding interpretation of the parking area exception is reviewed de novo. Boeing Co. v. Rooney, 102 Wash.App. 414, 418, 10 P.3d 423 (2000). All doubts as to the meaning of the Act are to be resolved in favor of the injured worker. Clauson v. Department of Labor & Indus., 130 Wash.2d 580, 584, 925 P.2d 624 (1996).
The Industrial Insurance Act provides coverage for a worker who is "injured in the course of his or her employment". RCW 51.32.010. A worker is acting in the course of employment when *562 acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite ... insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, except parking area.
RCW 51.08.013(1). The statute expressly excludes parking areas from the Act and disassociates them from the legislative definition of what constitutes a jobsite. Olson v. Stern, 65 Wash.2d 871, 876, 400 P.2d 305 (1965).
The parking area exception is not, however, an absolute bar to industrial insurance coverage. The appropriate inquiry is whether the injury occurred while the employee was acting in the course of his employment. If so, the situs of the accident is, as to him, immaterial. Olson, 65 Wash.2d at 877, 400 P.2d 305. In Olson, the worker was held to be covered, though in a parking area, because he was on shift and driving a motor scooter loaded with tools. But where an injury occurred in a mixed-use area that was used both for parking and to prepare vehicles for work duties, the injured employee was held not to be covered because when the injury occurred he was not performing work-related duties. As to him, the location where the injury occurred was a parking area. Bolden v. Department of Transportation, 95 Wash.App. 218, 223, 974 P.2d 909 (1999).
Adamo would have been covered if the accident had occurred after he had gotten into the truck, because the truck was furnished by the employer to facilitate his work. Where an employer supplies a car "for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor." Aloha Lumber Corp. v. Department of Labor & Indus., 77 Wash.2d 763, 770, 466 P.2d 151 (1970) (quoting Venho v. Ostrander Ry. & Timber Co., 185 Wash. 138, 139-40, 52 P.2d 1267 (1936)). Puget Sound Energy contends, however, that when an employee is about to leave work in an employer furnished vehicle, the statutory bar on coverage in parking areas operates to deny industrial insurance coverage while the employee is walking in the parking area on his way to the vehicle.
The question actually presented is whether Adamo was acting in the course of his employment. This court stated in Bolden that if the employee had been directed to be in the parking lot, he would be covered. Bolden, 95 Wash.App. at 221, 974 P.2d 909. This describes Adamo's situation. He was not free to take the bus home, or drive his own car, or get a ride. He was in the parking lot because his employer required him to take this particular vehicle home. As the trial court stated, it was in the furtherance of his employer's interests for him to have this vehicle at his disposal, and that fact "trumps" the parking lot exception.
Puget Sound Energy cites the California case State Lottery Commission v. Workers' Comp. Appeals Bd., 50 Cal.App.4th 311, 57 Cal.Rptr.2d 745 (1996). In that case, coverage was denied to an employee who slipped and fell in his own driveway while walking to a company car that he was required to use when on call. California allows for coverage while an employee is commuting to or from work in an employer-furnished vehicle, but the court refused to extend coverage to a time when the employee had not actually begun his commute. State Lottery Commission, 50 Cal.App.4th at 314-317, 57 Cal. Rptr.2d 745.
Coverage for Adamo is not in conflict with the California case because Adamo was not at home when his injury occurred. Rather, the time of his injury was immediate to the actual time he was engaged in work at the jobsite. Immediacy in time is a consideration expressly included in RCW 51.08.013. We agree with the reasoning of the trial court's memorandum opinion:
Both the immediacy of the injury, while Mr. Adamo was still in the employer's parking lot, and the fact that he was in furtherance of his employer's interests, are important to this court.
. . .
As a totality, the record shows that Mr. Adamo was covered by the Industrial Insurance Act from the time he left his home in the morning in the company vehicle *563 until he returned home and exited the vehicle there.[1]
Allowing coverage on these facts appropriately fulfills the statutory directive to focus on acting in the course of employment, while also preserving the parking area exception for cases where the employee's presence in the parking lot is not in furtherance of the employer's interests.
As the trial court stated, the rationale for deciding the coverage issue in favor of Adamo does not rest on his on-call status. Whether an employee is subject to call is ordinarily not, by itself, determinative of coverage for an injury sustained while going to and from work. Arthur Larson & Lex K. Larson, Larson's Worker's Compensation Law § 14.05(6) (2000).
The trial court's decision is affirmed. Under RCW 51.52.130, Adamo is entitled to an award of attorney fees and costs for responding to this appeal, subject to compliance with RAP 18.1(d).
WE CONCUR: ELLINGTON, APPELWICK, JJ.
NOTES
[1] Clerk's Papers, at 160-61.