IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARIANE R. SIMONSON, et. al., | ) | No. 38737-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF LABOR | ) | |
| AND INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Mariane Simonson appeals the superior court's order denying her industrial insurance claim due to her injury not occurring in the course of employment. RCW 51.08.013(1) defines "course of employment" as including going to and from work on the jobsite, "except parking area."

Ms. Simonson injured her knee when she slipped on ice on the jobsite in a parking area where she was prohibited from parking. We conclude that RCW 51.08.013(1) does not distinguish between parking areas where injured workers may park and parking areas where they are prohibited from parking. Because Ms. Simonson was injured in a parking area on the jobsite before beginning her job duties, we affirm.

No. 38737-2-III
*Simonson v. Dep't of Labor & Indus.*

FACTS

Mariane Simonson worked as a certified nursing assistant at Newport Hospital in Newport, Washington. She worked in the long-term care unit, which was housed in a building on the northeast corner of the hospital campus.

One day in February 2019, Ms. Simonson arrived to work about 30 minutes before her 2:00 p.m. shift began. She parked in a hospital parking lot across a public street from the long-term care building and headed directly to work. She took the most direct route from the parking lot to the front door of the long-term care unit. From that direction, there was no sidewalk that led to the door, and Ms. Simonson had to walk through a small visitor parking area in front of the building. It was icy and cold that day, and she fell in the visitor parking area outside the long-term care unit, injuring her knee.

Over the next three months, Ms. Simonson's injury worsened, and she filed a claim for industrial insurance benefits because she was unable to work. The Department of Labor and Industries rejected her claim on the basis that her injury did not occur in the course of her employment. After the Department affirmed the rejection, Ms. Simonson appealed to the Board of Industrial Insurance Appeals. She argued that because she fell in a parking lot where she was prohibited from parking, the claim should be allowed.

2

*Administrative appeal*

At a hearing in front of an industrial appeals judge, Ms. Simonson and Leslie Wiese, a human resources generalist at Newport Hospital, testified about the parking situation at the hospital.

The hospital is surrounded by six employee parking areas, labeled lot A through lot F. Employees are instructed to avoid parking in lots designated for patients and visitors. Ms. Simonson understood she was allowed to park in lots B, C, and F. The visitor parking area outside the entrance to the long-term care unit, where Ms. Simonson fell, is not included as an employee parking area or designated with a letter. Ms. Simonson testified that management occasionally parked in front of the building, but she understood that she would be fined and her car towed if she parked there. Ms. Wiese explained that the lot in front of the long-term care building has a few parking spots for visitors and contains a pull-through area for loading residents into vehicles. She confirmed that Ms. Simonson was not allowed to park in that lot.

Ms. Simonson testified that she occasionally helped patients in and out of vehicles in the parking lot but when she was injured, she had not yet begun her shift at the hospital and was not engaged in any of her duties as a certified nursing assistant.

The industrial appeals judge entered a proposed decision and order, finding that Ms. Simonson was coming to work, had not begun her shift, and was not performing any of her assigned certified nursing assistant job duties at the time of her reported injury. It concluded that Ms. Simonson was not acting in the course of her employment within the meaning of RCW 51.08.013 when she was injured. The Board denied Ms. Simonson's petition for review and adopted the industrial appeals judge's proposed decision and order.

*Superior court appeal*

Ms. Simonson appealed to the superior court and argued that the parking lot in front of the long-term care unit was not a parking lot as to herself because it was controlled by the employer and because by not parking in the parking lot, she benefited the employer by facilitating visitor parking and patient loading. The Department responded that the injury was not compensable under the Industrial Insurance Act, Title 51 RCW, because it occurred in a parking lot and Ms. Simonson was not performing her job duties.

The superior court entered findings of fact and conclusions of law. It found that Ms. Simonson was coming to work, had not begun her shift, and was not performing any of her assigned job duties at the time she fell and injured herself in the parking lot

adjacent to her place of employment. It concluded that Ms. Simonson did not sustain an industrial injury because RCW 51.08.013(1) categorically excludes injuries that are sustained in parking areas. The superior court entered an order affirming the Board. Ms. Simonson timely appealed the superior court's order.

ANALYSIS

Ms. Simonson contends the superior court erred in applying the parking lot exception to her industrial appeals claim. We disagree.

We review industrial insurance appeals from the superior court under the ordinary standards of civil review. RCW 51.52.140; *see also Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). Our review is limited to evaluating whether substantial evidence supports the superior court's findings of fact and whether the superior court's conclusions of law flow from those findings. *Ruse v. Dep't of Lab. & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). We review the meaning of statutory terms de novo. *Dillon v. Dep't of Lab. & Indus.*, 186 Wn. App. 1, 6, 344 P.3d 1216 (2014). While ambiguous provisions of the Industrial Insurance Act must be "'liberally construed'" in favor of the worker, workers claiming benefits "'should be held to strict proof of their right to receive the benefits provided by the act.'" *Cyr v. Dep't of Lab. & Indus.*, 47 Wn.2d 92, 97, 286 P.2d 1038 (1955) (quoting *Olympia Brewing Co. v.*

*Dep't of Lab. & Indus.*, 34 Wn.2d 498, 505, 208 P.2d 1181 (1949), *overruled in part by*

*Windust v. Dep't of Lab. & Indus.*, 52 Wn.2d 33, 323 P.2d 241 (1958); *see also City of*

*Bellevue v. Raum*, 171 Wn. App. 124, 155 n.28, 286 P.3d 695 (2012).

Under RCW 51.32.010, "[e]ach worker injured in the course of his or her

employment" shall receive compensation under the Industrial Insurance Act. A worker is

acting in the course of employment when

> acting at his or her employer's direction or in the furtherance of his or her
> employer's business which shall include time spent going to and from work
> on the jobsite . . . insofar as such time is immediate to the actual time that
> the worker is engaged in the work process in areas controlled by his or her
> employer, except parking area.

RCW 51.08.013(1). Washington courts have consistently applied this rule to find

that workers injured in parking areas on the jobsite when going to and from work

are not acting in the course of employment under the Industrial Insurance Act.

*See*, *e.g.*, *Dillon*, 186 Wn. App. at 9; *Ottesen v. Food Servs. of Am., Inc.*, 131 Wn.

App. 310, 317-18, 126 P.3d 832 (2006); *Bolden v. Dep't of Transp.*, 95 Wn. App.

218, 223, 974 P.2d 909 (1999); *Bergsma v. Dep't of Lab. & Indus.*, 33 Wn. App.

609, 616, 656 P.2d 1109 (1983).

It is undisputed that Ms. Simonson fell in her employer's parking area while going to work, before starting any work duties. Under the plain language of RCW 51.08.013(1), she was not acting in the course of employment and thus is not eligible for industrial insurance benefits for injuries from her fall.

Ms. Simonson contends that she was acting in the furtherance of her employer's business by showing up to work, so she was therefore acting in the course of employment. This argument ignores the plain language of the controlling statute. Although RCW 51.08.013(1) generally covers injuries occurring when a worker is injured in the furtherance of the employer's business—which includes coming to and going from work on the jobsite—it explicitly excepts a jobsite parking area. This was a conscious choice by the legislature when it codified precedent in 1961. *See Olson v. Stern*, 65 Wn.2d 871, 876-77, 400 P.2d 305 (1965) (discussing historical development of the exception).

Ms. Simonson also contends that the parking lot "in which she fell was no longer a [parking] lot as it pertains to her." Reply Br. of Appellant at 6. She argues the exception only applies if the parking lot is an employee parking lot. We are unpersuaded. Her argument requires us to read into the statute an exception only for employee parking lots. The statute makes no such distinction, and we will

not infringe on the legislature's role by creating distinctions in a statute not present in its text. *Jenkins v. Bellingham Mun. Ct.*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981).

Ms. Simonson nonetheless relies on various Washington cases and Board decisions to argue that the plain language of the statute should not apply to her. With the exception of one Board decision, which we elect not to follow, those cases are distinguishable and we discuss them in turn.

In *University of Washington, Haborview Medical Center v. Marengo*, 122 Wn. App. 798, 803, 95 P.3d 787 (2004), the court held that a worker who was injured in his employer's parking garage stairwell was not injured in a parking area because the stairwell was "a means of getting to and leaving the parking area and not a place where vehicles park." *Marengo* does not establish, as Ms. Simonson suggests, that a parking area can lose its character as a parking area in regard to certain workers. Here, it is undisputed Ms. Simonson fell in the parking area itself, not an adjacent area.

In *Madera v. J.R. Simplot, Co.*, 104 Wn. App. 93, 98, 15 P.3d 649 (2001), the court held that a worker injured in a drive-through lane, which went between a roadway and a sidewalk on her employer's premises, was not injured in a parking

area because the drive-through lane was not intended for parking and was more like a loading zone. *Madera* also does not establish that a parking area can lose its character as a parking area in regard to certain workers. Here, while the parking lot contains a loading area for patients, there is no evidence that Ms. Simonson injured herself in that area.

In *Puget Sound Energy, Inc. v. Adamo*, 113 Wn. App. 166, 169-70, 52 P.3d 560 (2002), the court held that a worker who was injured while getting into a company truck in the employer's parking area was nonetheless acting in the course of employment because the employer required him to drive the truck home. He was therefore still acting at the direction of his employer, not simply going to and from work. *Id.* at 170. Here, it is undisputed that Ms. Simonson was not performing any action at the direction of her employer and was doing nothing more than "going to . . . work on the jobsite." RCW 51.08.013(1). As discussed above, the legislature clearly excepted her situation from coverage.

In *In re Carey*, Nos. 03 13166 & 03 15519, 2004 WL 2359740, at *3 (Wash. Bd. of Indus. Ins. Appeals July 12, 2004), the Board found that a worker injured in an employer's parking area while going to start her shift was nonetheless acting in the course of employment because in response to a city mandate to

mitigate against traffic congestion, the employer required employees to park in

specified parking areas and subjected them to discipline if they parked elsewhere.

Thus, the employer exercised "supervisory control" in the parking area where the

worker was injured. *Id.* Unlike in *Carey*, Ms. Simonson was not required to park

in the parking lot in which she was injured. We also question this distinction.

Although we accord great weight to an agency's interpretation of a statute that

falls within its area of expertise, deference is inappropriate if the agency's

interpretation conflicts with the statute. *Crosswhite v. Dep't of Soc. & Health

Servs.*, 197 Wn. App. 539, 549, 389 P.3d 731 (2017). Employers routinely

exercise supervisory control over parking areas—designating where employees

may or may not park and even assigning individual parking spots. The Board's

reasoning in *Carey* would render the parking area exception virtually meaningless.

This, we refuse to do.

In *In re Dickey*, No. 64,560, 1984 WL 547150, at *2 (Wash. Bd. of Indus.

Ins. Appeals May 30, 1984), the Board applied the "hazardous route" rule[1] from

---

[1] Under the rule, an injury is compensable under the act if it is sustained "while going to or coming from work over a route in close proximity to the employer's premises when the route was the only or customary route or means of ingress and egress to the premises, and when the route involved a particular hazard not shared by the public generally." *Hamilton v. Dep't of Lab. & Indus.*, 77 Wn.2d 355, 360, 462 P.2d 917 (1969).

*Hamilton v. Department of Labor & Industries*, 77 Wn.2d 355, 462 P.2d 917

(1969), and found that an employee who slipped on an ice-filled pothole in her

employer's parking area was nonetheless acting in the course of employment because she

was using "the only practical, proximate and customarily used route," which contained

hazards "not shared by members of the general public" that caused the worker's injury.

Here, there were multiple routes into the long-term care building from multiple employer-

owned parking areas as well as street parking. Also, the hazard that caused Ms.

Simonson's injury was shared by the general public because it occurred in the public,

visitor parking area. For these reasons, the hazardous route rule does not apply.

In conclusion, aside from the Board's decision in *Carey*, which we decline

to follow, Ms. Simonson's cited authorities do not support her argument. We

conclude the parking area exception in RCW 51.08.013(1) precludes her request

for industrial insurance benefits.

No. 38737-2-III
*Simonson v. Dep't of Labor & Indus.*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____          _____
Siddoway, C.J.                                              Pennell, J.