[No. 13929-4-II.   Division Two.   June 15, 1992.]

H.B. KLASSEN, ET AL, *Appellants,* v. SKAMANIA
COUNTY, *Respondent.*

*Susan K. Lourne* and *Kielpinski & Lourne, P.C.,* for appellants.

*Robert K. Leick, Prosecuting Attorney,* for respondent.

PETRICH, C.J. — After a bench trial on stipulated facts, Columbia River Estates, a joint venture with various individuals as attorneys in fact, and Elkhorn Acres, a partnership (Landowners), appeal a declaratory judgment, which ruled that a transfer of "forest land" located in Skamania County to the United States Forest Service in exchange for land in Lewis County pursuant to the Columbia River Gorge National Scenic Area Act (Scenic Act)[1] resulted in the removal of the "forest land" classification on the Skamania County land for ad valorem tax purposes thus triggering the imposition of a compensating tax in the amount of $22,474.50.

The issues on appeal are: whether the statutory scheme, which allows exemption from the compensating tax when forest land is transferred to a government entity in exchange for other forest land, applies when the Landowners paid a relatively small cash sum along with their transfer to equalize the values in the exchange; and whether the Lewis County property received in the exchange, which was considered forest land for purposes of the exchange under the Scenic Act, is still considered forest land for purposes of the exemption even though such property does not meet the minimum area requirements of "forest land" as defined by the revenue act.

We conclude that the money advanced by the Landowners to equalize the value of the exchange did not preclude the exemption from the compensating tax. Nevertheless, we

---

[1] 16 U.S.C. § 544. The Columbia River Gorge Compact between the States of Oregon and Washington consented to by this act of Congress was ratified by the Washington State Legislature. RCW 43.97.

conclude that since the property received in the exchange did not meet the minimum area requirements to qualify as forest lands under the state revenue act, the exemption does not apply and the imposition of the compensating tax was proper.

On August 30, 1989, the Landowners conveyed 393.65 acres of forest land in Skamania County to the United States Forest Service under the exchange provisions of the Scenic Act. This property qualified as forest land under RCW 84.33, resulting in a lower rate of taxation than would otherwise have applied. In the exchange, the Landowners received 18.41 acres of land in Lewis County owned by the United States Forest Service. An independent appraiser valued the Skamania County land at $265,000 and the Lewis County land at $276,000. Because of the difference in values, the Landowners paid an additional $11,000 equalizing payment.

The Skamania County assessor determined that the exchange was a taxable event under RCW 84.33 and assessed the Landowners $22,474.50 as a compensating tax resulting from the removal of the forest land designation or classification on the Skamania County land. The Landowners challenged this assessment in a declaratory judgment action. The trial court agreed with the assessor and concluded that the transfer "was neither solely an exchange, nor an exchange of 'forest land' for 'forest land.' " The court also concluded that the Landowners "transferred 'forest land,' plus cash, for 'non-forest' land (land under 20 acres)." The Landowners appeal.

We review a declaratory judgment the same as any other civil action. RCW 7.24.070. Whether the statute exempting the compensating tax applies to an agreed factual situation is a question of law fully reviewable on appeal. *See Mackey v. American Fashion Inst. Corp.*, 60 Wn. App. 426, 804 P.2d 642 (1991).

In 1984, the Washington Legislature passed the Timber and Forest Lands Act, RCW 84.33. The purpose of this act was to reform the method of taxing timber and forest lands;

to assure the advantages of continuous production of timber and forest products on privately owned forest land; and to promote the State's policy of encouraging forestry and restocking and reforesting the forests. RCW 84.33.010. Under this act, timber was removed from ad valorem taxation and, instead, subjected to a tax based on its stumpage value at the time of harvest. The land remained subject to the ad valorem tax. RCW 84.33.010(4)(b).

In order to qualify for this special taxation system, the property had to meet the definition of forest land set forth in RCW 84.33.100(1): " 'Forest land' is synonymous with timberland and means all land in any contiguous ownership of *twenty or more acres* which is primarily devoted to and used for growing and harvesting timber and means the land only." (Italics ours.) This tax scheme results in a lower rate of taxation for the property. However, once the owner "opts out" of the scheme, the property is removed from the classification and the owner is subject to a compensating tax equal to any tax savings which resulted from the lower rates previously imposed. RCW 84.33.120(7), .140(3). The county assessor also has the power to remove the classification when there is a "[s]ale or transfer to an ownership making such land exempt from ad valorem taxation". RCW 84.33.120(5)(b). However, these recapture provisions do not apply if the removal "resulted solely from: (a) Transfer to a government entity in exchange for other forest land located within the state of Washington". RCW 84.33.120(9)(a), .140(5)(a). *See Weyerhaeuser Co. v. Cowlitz Cy.*, 109 Wn.2d 363, 368-69, 745 P.2d 488 (1987).

The trial court determined that in order for a transaction to be exempted from the recapture provisions of the tax scheme there must be an exchange of property, not an exchange plus cash. Thus, it concluded that the transaction did not qualify as an exchange. We decline to read the statute so narrowly.

The event which triggered the removal of the classification was the transaction with the United States Forest Service. No other intervening event resulted in the removal.

Hence, the sole reason for the removal was the exchange under the Scenic Act.

The County does not dispute the Landowners' assertions that the transaction was an exchange under the Scenic Act. While RCW 84.33 uses the term "exchange", it does not define it. The Landowners contend that because there was only a minimal equalizing sum, it is inappropriate to recharacterize the nature of the transaction.

This is not a case where there is a conflict between two statutes and this court is required to construe them to give meaning to both. *E.g., Miller v. King Cy.*, 59 Wn.2d 601, 605, 369 P.2d 304 (1962). Instead it is a case where the common usage of the word applies. "Legislative definitions generally control in construing the statutes in which they appear, but when the same word or phrase is used elsewhere the meaning depends on common usage and the context in which it is used, unaffected by other statutory definitions." *Childers v. Childers*, 89 Wn.2d 592, 598, 575 P.2d 201 (1978). The verb form of "exchange" means "to part with, give, or transfer in consideration of something received as an equivalent". *Webster's Third New International Dictionary* 792 (1969). The transaction with the Forest Service meets this definition. The addition of the equalizing sum did not change the character of the transaction.

The trial court also determined that the land the Landowners obtained in the exchange was not forest land under RCW 84.33. This statute requires that the land consist of at least 20 acres. RCW 84.33.100(1). The Scenic Act, on the other hand, defines "forest land" as "lands used or suitable for the production of forest products". 16 U.S.C. § 544d-(b)(3). Thus, under the Scenic Act, the Landowners received forest land but under RCW 84.33 they did not.

■■ "Where two statutes concern wholly different subject matters, serve entirely separate purposes and operate independently of each other, they should not be construed together." *State Utils. & Transp. Comm'n v. United Cartage, Inc.*, 28 Wn. App. 90, 97, 621 P.2d 217, *review denied*, 95 Wn.2d 1017 (1981). While these two statutes serve similar

purposes, they concern different subject matters (*i.e.*, land preservation vs. taxation) and operate independently of each other. Thus, the trial court properly concluded that the transaction made the Skamania County property subject to compensating tax. *See also Childers v. Childers*, 89 Wn.2d at 598 (legislative definitions control in construing statutes in which they appear).

The Landowners contend that the trial court's reliance on the more restricted definition of "forest land" in RCW 84.33 effectively nullified RCW 84.33.120(9)(a). They argue that because "forest land" is defined as "forest land which is classified or designated forest land under this chapter", RCW 84.33.035(2), only private land qualifies as forest land, apparently because the Department of Natural Resources is directed to design and implement a program to determine which privately owned land is forest land. RCW 84.33-.110(2). Thus, they argue that the trial court's analysis renders RCW 84.33.120(9)(a) meaningless because government owned land is not private land and, therefore, could never qualify as "forest land".

The Landowners misconstrue the statutory scheme. The definition of "forest land", *as used in RCW 84.33.110 through RCW 84.33.140* for the limited purpose of qualifying for the favorable tax treatment, does not in any way qualify "forest land" as applying only to privately owned land.[2] In view of the specific limited application of the definition encompassed in RCW 84.33.100, there is neither a need nor a justification to refer to RCW 84.33.035(2) in construing RCW 84.33-.120(9)(a). The directive in RCW 84.33.110(2) to the Department of Natural Resources to develop a program to determine which privately owned land is forest land obviously refers to private land that may qualify as forest land. A

---

[2]RCW 84.33.100 provides:

"As used in RCW 84.33.110 through RCW 84.33.140:

"(1) 'Forest land' is synonymous with timberland and means all land in any contiguous ownership of twenty or more acres which is primarily devoted to and used for growing and harvesting timber and means the land only.

"(2) 'Owner' means the party or parties having the fee interest in land, except where land is subject to a real estate contract 'owner' means the contract vendee."

similar directive to determine which government land qualifies as forest land would be a useless act because such land is free of the taxation scheme.

The proper interpretation of RCW 84.33.120(9)(a) is that both private and public land can be involved in the transaction as long as they involve 20 or more acres of land whether or not the acquired land has been classified or designated. Thus, the trial court did not err in concluding that the Lewis County land was not "forest land".

Finally, the Landowners contend that the equities require that the transaction be exempt from compensating taxes. They state that to so hold is consistent with the goals of the acts (*i.e.*, to protect and preserve forest lands) because to hold otherwise would impede voluntary transfers of land. They note that there will be no tax loss to the State because it exchanged tax exempt land making taxable a parcel previously exempt.

█ The Landowners also contend that the trial court's conclusion was wrong because this parcel could be joined with other property and thereby become "forest land", and because it qualifies as "open space timberland" under RCW 84.34 and would thereby be exempt. We disagree.

> [I]t is the consensus of judicial opinion that, while equitable construction may be tolerated in remedial statutes, it should always be resorted to with great caution, and never extended to mere arbitrary regulations of matters of public policy. When the language of the act is plain, free from ambiguity, and devoid of uncertainty, it is unanimously held that there is no room for construction, and that inconvenience following enforcement of the law as expressed can have no weight in the construction of the statute.

*Walker v. Spokane*, 62 Wash. 312, 318, 113 P. 775 (1911).
Affirmed.

ALEXANDER and MORGAN, JJ., concur.