15 P.3d 649 (2001)
104 Wash.App. 93
Irma MADERA, Respondent,
v.
J.R. SIMPLOT, COMPANY and Department of Labor and Industries of the State of Washington, Appellant.
No. 19181-8-III.
Court of Appeals of Washington, Division 3.
January 4, 2001.
*650 Gregory M. Kane, Evans, Craven & Lackie, Spokane, for Appellant.
Tom G. Cordell, Moses Lake, for Respondent.
BROWN, A.C.J.
In this workers compensation appeal, J.R. Simplot (self-insured) argues the trial court erred by dismissing its summary judgment motion and granting summary judgment to Irma Madera. Ms. Madera fell in a drive-through lane outside Simplot. The Department of Labor and Industries (Department) and the Board of Industrial Insurance Appeals (Board) denied benefits to Ms. Madera because of a "parking areas" exclusion found in RCW 51.08.013. The superior court reversed on summary judgment. We affirm.

FACTS
In 1996, Ms. Madera worked for J.R. Simplot. On November 20, her husband dropped her off at work in the drive-through lane between a roadway owned and controlled by Simplot and a sidewalk abutting the Simplot plant. As she walked across the lane to start work, she slipped and fell on snow and ice, sustaining injuries. The lane was described as "used exclusively by off-duty Simplot employees to park while they picked up paychecks and by service vehicles operated by non-Simplot employees such as UPS delivery people and vending machine maintenance people." Ms. Madera was not at work when she fell. Simplot did not use the lane for any purpose directly related to production.
The Department denied Ms. Madera's benefit claim after concluding the lane where she fell was a "parking area" excluded from coverage under RCW 51.08.013. The Board affirmed, with one board member dissenting on the definition of a parking area. Ms. Madera appealed to the superior court. On cross-summary judgment motions, the trial court dismissed Simplot's motion and granted Ms. Madera's motion after concluding the drive-through lane was not a "parking area."

ISSUE
Did the trial court err by granting summary judgment to Ms. Madera, denying summary judgment to Simplot, and concluding the drive-through lane where Ms. Madera was injured was not a "parking area?"

ANALYSIS
Judicial appeal of a Board of Industrial Insurance decision is reviewed de novo, but limited to the evidence presented to the Board. Romo v. Dep't of Labor & Indus., 92 Wash.App. 348, 353, 962 P.2d 844 (1998) (citing RCW 51.52.115). Since the material facts are not in dispute, and the dispositive issue is one of statutory interpretation, summary judgment is appropriate. Id.; RCW 51.52.140.
Generally, workers injured in the course of employment are covered by the Industrial Insurance Act, Title 51 RCW (Act). See RCW 51.32.010; Boeing Co. v. Rooney, 102 Wash.App. 414, 416, 10 P.3d 423, 425 (2000). Working "in the course of employment" includes going to and from work on the jobsite in areas controlled by the employer. RCW 51.08.013; Rooney, 10 P.3d at 425. The "jobsite" includes the premises "occupied, used or contracted for by the employer for the business or work process in which the employer is engaged." RCW *651 51.32.015. However, specifically excepted from coverage are injuries occurring in "parking areas" while going to or from work. RCW 51.08.013.
Here, the parties argue about what a "parking area" is per RCW 51.08.013. Simplot says the lane was a "parking area" because off-duty employees used it for short-term parking, as did delivery services such as UPS. It relies on Bolden v. State, Dep't of Transp., 95 Wash.App. 218, 974 P.2d 909 (1999), review denied, 139 Wash.2d 1023, 994 P.2d 847 (2000). In Bolden, an employee leaving work was injured in an employee parking lot, also used to store company vehicles. The court rejected the argument that a parking area must be used exclusively as a parking area rather than a jobsite. Instead, the court held injuries occurring in a mixed-use area are excluded from coverage if the employee was injured while coming or going to work. Id. at 221-23, 974 P.2d 909.
However, the Bolden court did not define a parking area. Unlike here, the parties in Bolden specifically agreed "that the area where Bolden was injured was generally both a jobsite and a parking area." Id. at 220, 974 P.2d 909. In this case, the parties generally agree that Ms. Madera was coming to work on Simplot's premises, in an area not considered part of her jobsite. However, they do not agree on whether the area is also considered a parking area. If it is, then under Bolden and RCW 51.08.013, Ms. Madera cannot recover industrial insurance.
Division One recently addressed the definition of a parking area. In Rooney, an employee was returning from lunch when he slipped on a grassy area adjacent to the employee parking lot. The Board allowed the employee's claim after determining that "the statute's exclusion of parking areas did not prevent coverage because the exclusion applied only to areas where vehicles are parked, such as an employee parking lot or garage." Rooney, 10 P.3d at 426. The employer in Rooney also relied upon Bolden to support an expansive definition of parking area. Id. The Rooney court rejected the employer's definition, noting Bolden was not concerned with the definition of a parking area because the employee in Bolden was injured in a mixed-use parking lot. Id. Instead, the Rooney court upheld the Board's narrow interpretation of the exclusion, and held that the grassy area was not a "parking area" under the term's ordinary meaning. Id.
Here, the critical location is more ambiguous than in Rooney because the lane where Ms. Madera fell was used for short-term parking and deliveries, but clearly the location was not Ms. Madera's jobsite. Assuming ambiguity in this factual context, the meaning of "parking area" as used in the statute, may be ascertained through ordinary methods of statutory construction. First, we may look to dictionary meaning. Western Telepage, Inc. v. City of Tacoma Dep't of Financing, 140 Wash.2d 599, 609, 998 P.2d 884 (2000). Unfortunately, no dictionary definition exists for "parking area." The term "parking" is defined as "the leaving of a vehicle in an accessible location" or "an area in which vehicles may be left." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1642 (3rd ed.1993).
These definitions are somewhat helpful because an ordinary person would not view a drive-through lane as intended for parking. In our factual context, it most nearly resembles a loading zone where one merely stops to load and unload or temporarily wait while completing an errand. Moreover, picking up a paycheck is job related. Additionally, coverage provisions of the Act are to be construed broadly, while limitations on coverage are to be construed narrowly. RCW 51.12.010; Sebastian v. State, Dep't of Labor & Indus., 142 Wash.2d 280, 12 P.3d 594 (2000).
Given the above, we conclude, as did the trial court, that the drive-through lane is not a "parking area" as contemplated in RCW 51.08.013. Our conclusion is consistent with the legislative directive to construe the Act liberally to allow coverage when possible. RCW 51.12.010. Statutory construction, while not particularly helpful, supports our conclusion because we view the injury site as more like a loading zone than a parking lot and somewhat job related. We hold Ms. *652 Madera's injuries are not excluded by the Act. Accordingly, the trial court did not err.
Affirmed.
KATO, J., and EITZEN, J.P.T., concur.