95 P.3d 787 (2004)
UNIVERSITY OF WASHINGTON, HARBORVIEW MEDICAL CENTER, and
Department of Labor and Industries, Appellants,
v.
Robert G. MARENGO, Respondent.
No. 52317-1-I.
Court of Appeals of Washington, Division 1.
August 9, 2004.
Jeffrey W. Davis, John R. Wasberg, Seattle, WA, for Appellants.
*788 Carroll G. Rusk, Tacoma, WA, for Respondent.
SCHINDLER, J.
Workers who are injured while coming or going from the jobsite in areas controlled by their employers are entitled to worker's compensation benefits unless they are injured in a parking area. Robert Marengo was injured when he slipped and fell in the stairwell of Harborview Medical Center's parking garage while on his way to work. The Department of Labor and Industries (the Department) decided that under the parking area exception to RCW 51.08.013(1) Marengo's injury was not covered and denied his claim for benefits. The Board of Industrial Insurance Appeals (the Board) reversed the Department's decision and awarded Marengo benefits. The superior court affirmed the Board's decision. We hold the Board did not err in concluding Marengo's injury did not occur in a parking area under RCW 51.08.013(1) and that Marengo is entitled to benefits. We affirm the Board's decision.

FACTS
The facts of the case are not in dispute. On August 4, 2000, Robert Marengo was on his way to work as a respiratory care technician at the University of Washington's Harborview Medical Center (the University) when he fell in an interior stairwell of Harborview's parking garage and injured his foot.
Marengo applied for worker's compensation benefits. The University stipulated that Marengo sustained an injury to his foot when he fell, but argued that the parking garage stairwell was part of a parking area and Marengo was not entitled to coverage. The Department agreed with the University and concluded the parking garage stairwell came within the "parking area" exception of RCW 51.08.013(1). The Department denied Marengo's claim for worker's compensation benefits. Marengo filed an appeal with the Board.
The Board, in a 2-1 decision, ruled the parking area exception in RCW 51.08.013(1) did not apply and Marengo was entitled to benefits. The Board majority reasoned that the stairwell was used to access the parking area, and was not a "parking area" because "[n]o vehicles are parked there."[1] The superior court affirmed the Board's decision and concluded the Board's interpretation of the "parking area" exception was not error. The University appeals.

ANALYSIS
The University argues Marengo is not entitled to worker's compensation benefits because the stairwell in the parking garage is part of a parking area and is excluded from Industrial Insurance Act coverage under RCW 51.08.013(1).
RCW 51, the Industrial Insurance Act, provides coverage for a worker who is "injured in the course of his or her employment." RCW 51.32.010. A worker is acting in the course of employment while coming and going from work on the jobsite in areas controlled by his or her employer, except parking areas. RCW 51.08.013(1) provides:
`Acting in the course of employment' means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, except parking area.
The Board decided the parking garage's interior stairwell was "an adjacent structure that is used as access to and from the parking area,"[2] and therefore the parking area exception in RCW 51.08.013(1) did not apply and Marengo was entitled to coverage. The Board concluded that:
The fact that the stairwell structure is within the same building as the parking, even though referred to by Mr. Marengo *789 as a `garage,' does not transform it into parking area. No vehicles are parked there.[3]
In reaching its decision, the Board relied on the legislature's mandate to liberally construe the Industrial Insurance Act's provisions in favor of the employee's right to coverage and Boeing Co. v. Rooney, 102 Wash.App. 414, 10 P.3d 423 (2000), and Madera v. J.R. Simplot, Co., 104 Wash.App. 93, 15 P.3d 649 (2001), to conclude the stairwell where Marengo was injured was not a "parking area" for the purposes of RCW 51.08.013(1).
This court reviews the Board's interpretation of the parking area exception de novo. Rooney at 418, 10 P.3d 423.
Whether the "parking area" exception in RCW 51.08.013(1) includes an entire parking structure or only those portions where vehicles actually park is a question of statutory interpretation. In construing statutes, this court's primary objective is to ascertain the intent of the legislature. Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 813, 828 P.2d 549 (1992).
The University argues that this court in Rooney defined the "parking area" exception of RCW 51.08.013(1) to include employee parking lots and garages.[4] The University misconstrues this court's decision in Rooney.
In Rooney, an employee was returning from lunch when he slipped on a grassy slope adjacent to a parking lot. The Board in Rooney ruled that "the statute's exclusion of parking areas did not prevent coverage because the exclusion applied only to areas where vehicles are parked, such as an employee parking lot or garage." Rooney, 102 Wash.App. at 418, 10 P.3d 423. Based on its interpretation, the Board concluded Rooney was entitled to worker's compensation benefits because the grassy slope where Rooney was injured was not used as a parking area.
On appeal, this court held the Board did not err in finding Rooney was entitled to coverage under RCW 51.08.013(1) and concluded the Board correctly decided that RCW 51.08.013(1)'s parking area exception did not prevent coverage for an injury sustained in an area that was adjacent to a parking area. Although we agreed that the Board's interpretation of "parking area" was in accord with the term's ordinary meaning, we did not define "parking area" as parking lots and garages.
This court defined "parking area" under RCW 51.08.013(1) in Madera v. J.R. Simplot, 104 Wash.App. 93, 15 P.3d 649, the other case relied on by the Board. In Madera, an employee was injured when she slipped and fell on some ice in a "drive-through lane between a roadway owned and controlled by [her employer] and a sidewalk abutting the [employer's] plant." Madera, 104 Wash.App. at 95, 15 P.3d 649. Citing dictionary definitions of "parking," including "the leaving of a vehicle in an accessible location," and "an area in which vehicles may be left,"[5] we concluded that "an ordinary person would not view a drive-through lane as intended for parking,"[6] and held the employee could recover benefits under RCW 51 because the drive-through lane was not a "parking area" under RCW 51.08.013(1).
Likewise, the Board here concluded that the stairwell where Marengo was injured is a means of getting to and leaving the parking area and not a place where vehicles park. *790 Rooney and Madera support the Board's interpretation that the University's parking garage stairwell where Marengo was injured is not part of the "parking area" for purposes of RCW 51.08.013(1).
The Board's narrow construction of the parking area exception is also consistent with the legislative mandate to broadly construe the Industrial Insurance Act in favor of coverage and to construe exceptions to coverage narrowly. See RCW 51.12.010 ("This title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment"); see also Clauson v. Department of Labor Indus., 130 Wash.2d 580, 584, 925 P.2d 624 (1996) (All doubts as to the meaning of the Industrial Insurance Act are to be resolved in favor of the injured worker).[7]
The decision of the Board is affirmed.
BAKER and ELLINGTON, JJ., concur.
NOTES
[1] Certified Appeal Board Record (CABR) at 3. The dissenting Board member characterized the majority's reading of the parking area exception as too narrow. CABR at 5.
[2] CABR at 3.
[3] CABR at 3.
[4] The University urges this court to use definitions of "parking lot" and "parking garage" to interpret "parking area" in RCW 51.08.013(1). But the purpose of statutory construction is to give effect to the intent of the legislature, and the legislature did not include "parking lot" or "parking garage" in the statutory exclusion. The University also argues the Board's narrow interpretation of "parking area" conflicts with the meaning of "parking garage" and "parking area" as those phrases are used elsewhere in Washington law, including the theft and robbery portion of Washington's criminal code, and City of Seattle ordinances. But use of a word or phrase in one law does not affect the meaning of the same term used elsewhere. Klassen v. Skamania County, 66 Wash.App. 127, 131, 831 P.2d 763 (1992); Childers v. Childers, 89 Wash.2d 592, 598, 575 P.2d 201 (1978).
[5] Madera, 104 Wash.App. at 97, 15 P.3d 649, quoting Webster's Third New International Dictionary of the English Language 1642 (1993).
[6] Madera, 104 Wash.App. at 98, 15 P.3d 649.
[7] The University also argues the Board's narrow interpretation of the phrase "parking area" leads to a confusing and nonsensical patchwork of industrial insurance coverage that was not intended by the legislature. But this argument ignores the Board's findings about the purpose of the stairwell and the legislative mandate in RCW 51.12.010.