IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THERESIA M. RIEMAN, | ) | No. 79356-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF LABOR & INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

VERELLEN, J. — Injuries that occur in a parking area when coming to or going from a place of employment are exempt from coverage under the Industrial Insurance Act.[1] Theresia Rieman sustained an injury while walking across a parking lot adjacent to her office building on her way to work. Because the location of Rieman's injury was a parking area, the Department of Labor and Industries, Board of Industrial Insurance Appeals, and the superior court properly concluded that industrial insurance law precludes workers' compensation benefits. We affirm.

---

[1] RCW 51.08.013(1).

FACTS

While walking through the parking lot to her Department of Social and Health Services' office, Theresia Rieman slipped and fell on ice. She fractured her pelvis, elbow, and wrist. The Department of Labor and Industries (Department) denied Rieman's claim for workers' compensation benefits because her injury occurred on her way to work, but in a parking area, and was therefore not covered under industrial insurance laws.

Rieman appealed to the Board of Industrial Insurance Appeals (Board). An industrial appeals judge (IAJ) heard the case on stipulated facts and exhibits, including photographs of the parking lot and the specific locations where Rieman parked her car and where she fell. The IAJ issued a proposed decision and order affirming the Department's denial of benefits.

The IAJ found, in relevant part:

> 2. Theresia Rieman was going to work on January 15, 2016 when, approximately 10 minutes before she was to start work, she fell in the roadway in a parking lot adjacent to the building in Everett where she worked for the Department of Social and Health Services.
>
> 3. The parking lot where Ms. Rieman fell is reserved for the vehicles of persons who work for or are clients of [the Department of Social and Health Services].[2]

And based on these findings, the IAJ concluded:

> 2. Theresia Rieman was injured in a parking area as she was coming to work and, therefore, under RCW 51.08.031(1), her injury is excluded from coverage under the industrial insurance laws.

---

[2] Certified Board Record (CBR) at 22.

3. The Department order dated June 16, 2016 is correct, and it is affirmed.[3]

Rieman petitioned to the full Board for review. The Board denied the petition and adopted the IAJ's proposed decision and order as its final order. Rieman then appealed to superior court. Following a hearing, the superior court affirmed the decision of the Board, concluding that substantial evidence supported the factual findings. The court adopted the findings of fact, conclusions of law, and the decision of the Board.

ANALYSIS

Washington's Industrial Insurance Act, Title 51 RCW, governs judicial review of workers' compensation cases.[4] The superior court conducts a de novo review of the Board's decision, relying exclusively on the certified board record.[5] The Board's findings and decision are prima facie correct, and the individual challenging the decision bears the burden of proof.[6]

This court reviews the superior court's decision, not the Board's order.[7] Specifically, we review whether substantial evidence supports the superior court's factual findings and whether the superior court's conclusions of law flow from

---

[3] Id.

[4] Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009).

[5] RCW 51.52.115; McCaulley v. Dep't of Labor & Indus., 5 Wn. App. 2d 304, 312, 424 P.3d 221 (2018).

[6] Spivey v. City of Bellevue, 187 Wn.2d 716, 727, 389 P.3d 504 (2017).

[7] RCW 51.52.140.

those findings.[8] Like the superior court, our review is based solely on the evidence and testimony presented to the Board.[9] We view the record in the light most favorable to the party who prevailed in superior court.[10]

The Industrial Insurance Act provides the exclusive remedy for workers injured in the course of employment and immunizes employers from civil tort actions for workplace injuries.[11] "Acting in the course of employment" is defined in the statute:

> "Acting in the course of employment" means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite, as defined in RCW 51.32.015 and 51.36.040, insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, except parking area.[12]

Under this provision and what is known as the coming-and-going rule, a worker is acting in the course of employment and is covered for injuries sustained while coming to and going from work on the jobsite in areas controlled by his or her

---

[8] Rogers, 151 Wn. App. at 180.

[9] RCW 51.52.115; Bennerstrom v. Dep't of Labor & Indus., 120 Wn. App. 853, 858, 86 P.3d 826 (2004).

[10] Rogers, 151 Wn. App. at 180.

[11] RCW 51.32.010; see also Judy v. Hanford Envtl. Health Found., 106 Wn. App. 26, 31, 22 P.3d 810 (2001).

[12] RCW 51.08.013(1) (emphasis added).

employer.[13] However, "specifically excepted from coverage are injuries occurring in 'parking areas' while going to or from work."[14]

Rieman argues that the parking area exemption does not apply because she fell in a lane of traffic, which is not a place "where cars actually park."[15] Whether an interior lane of travel within a parking lot is a parking area for purposes of the exemption under RCW 51.08.013(1) is a matter of statutory interpretation, which we review de novo.[16] Our fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent.[17]

To determine whether a location of injury constitutes a parking area, our courts have considered whether an ordinary person would view the location as intended for parking.[18] And to make that determination, we consider how the area at issue is used.[19] According to well-settled case law, a parking area for purposes of RCW 51.08.013(1) may include lanes of travel necessary to reach employee parking spaces.[20]

---

[13] Univ. of Washington, Harborview Med. Ctr. v. Marengo, 122 Wn. App. 798, 801, 95 P.3d 787 (2004).

[14] Madera v. J.R. Simplot, Co., 104 Wn. App. 93, 96, 15 P.3d 649 (2001) (quoting RCW 51.08.013).

[15] Appellant's Br. at 10.

[16] Dillon v. Dep't of Labor & Indus., 186 Wn. App. 1, 6, 344 P.3d 1216 (2014).

[17] Marengo, 122 Wn. App. at 802.

[18] Madera, 104 Wn. App. at 98.

[19] Dillon, 186 Wn. App. at 8.

[20] Olson v. Stern, 65 Wn.2d 871, 877, 400 P.2d 305 (1965); see also Bergsma v. Labor & Industries, 33 Wn. App. 609, 616, 656 P.2d 1109 (1983)

Olson v. Stern is instructive.[21]  Stern was driving home after work, having retrieved his vehicle from a parking area reserved for Boeing supervisors.[22]  The designated employee parking area was connected to a public road, East Marginal Way, by a roadway "the width of a normal two lane street which was not reserved for parking, but which [was] used as an avenue of traffic."[23]  The avenue of traffic was used regularly by material-handling equipment, such as forklifts and cranes, and by "vehicles going to and from the parking area."[24]  Stern collided on the roadway with another employee on a motor scooter.[25]  The point of impact occurred within "the avenue of traffic, approximately six feet off the edge of the parking area."[26]  On these facts, our Supreme Court had no trouble concluding that the location of the accident, an interior roadway connecting the employee parking spaces to a public road, was a parking area within the meaning of the statute.[27]  Because the parking area exemption applied, the Industrial Insurance Act did not bar Stern's civil suit.[28]

---

(exemption applied to injury in employee parking lot); Bolden v. State, Dep't of Transp., 95 Wn. App. 218, 221, 974 P.2d 909 (1999) (accord).

[21] 65 Wn.2d 871, 400 P.2d 305 (1965).

[22] Id. at 872-73

[23] Id. at 873.

[24] Id.

[25] Id.

[26] Id.

[27] Id. at 877.

[28] Id.

This court's more recent decision in <u>Dillon v. Department of Labor & Industries</u> is consistent with <u>Olson</u>.[29]  Upon leaving work for the day, Dillon exited her work facility and took about 15 steps, when she fell on black ice.[30]  The location where she fell was a paved area outside the facility, near a drain where employees sometimes disposed of water used in the business's operations.[31]  The paved area contained no signage, painted lines, or other markings to indicate parking spaces.[32]

The Department denied Dillon's claim for benefits based on its determination that the injury occurred in an area where employees customarily parked.[33]  Dillon argued that the exemption did not apply because the location was not a legal parking area under city, state, and federal codes.[34]  Rejecting her argument, we looked to whether the area "was actually used for parking" to resolve the issue.[35]  And while there was nothing to suggest that the exact location of Dillon's injury was a place where employees regularly parked, the exemption nevertheless applied because the area had been used for employee parking for more than 50 years.  <u>Olson</u> and <u>Dillon</u> illustrate that whether a location constitutes

---

[29] 186 Wn. App. 1, 344 P.3d 1216 (2014).

[30] <u>Id.</u> at 3.

[31] <u>Id.</u> at 3-4.

[32] <u>Id.</u> at 4.

[33] <u>Id.</u>

[34] <u>Id.</u> at 5.

[35] <u>Id.</u> at 8.

a parking area depends on the use and layout of the location; whether the place of injury is a designated parking space is not determinative.

Rieman cites several decisions reaching a different result. But those cases involve materially different facts.[36] In particular, Rieman relies on Madera v. J.M. Simplot Co.,[37] a decision of Division Three of this court, to argue that a "drive-through lane or roadway" does not constitute a parking area.[38] In Madera, the employee fell on snow and ice in a lane of traffic situated between a roadway controlled by her employer and a sidewalk abutting the plant where she worked.[39] The lane of traffic resembled a loading zone where vendors parked while making deliveries and employees briefly parked when they collected paychecks.[40] Unlike the case here, there is nothing to suggest that the area used as a loading zone where Madera fell was connected to, or even proximate to, a designated area for employees to leave their vehicles while working. Madera and the other cases cited by Rieman do not undermine the Supreme Court's decision in Olson or imply that parking areas do not encompass interior lanes within a parking lot.

---

[36] See Boeing Co. v. Rooney, 102 Wn. App. 414, 418, 10 P.3d 423 (2000) (grassy slope adjacent to a parking lot was not a parking area within the meaning of the statute); see also Marengo, 122 Wn. App. at 803 (parking area exemption did not apply to an interior stairwell of a parking garage).

[37] 104 Wn. App. 93, 96, 15 P.3d 649 (2001)

[38] Appellant's Br. at 12.

[39] Madera, 104 Wn. App. at 95.

[40] Id. at 95, 98.

Here, as in <u>Olson</u>, the injury occurred in a lane of travel used as ingress to and egress from the designated employee parking spaces. The evidence, including the photographic evidence showing an aerial view of the parking lot, demonstrates that it is impossible for vehicles to reach parking spaces without using the interior aisles and lanes. The evidence in the record supports the determination that an ordinary person would view the location of injury as a parking area. We affirm.[41]

_____

WE CONCUR:

_____          _____
Andrus, A.C.J.

---

[41] The Department argues that even if the area at issue were not a parking area and the statutory exception did not apply, the coming-and-going rule is inapplicable because the evidence failed to establish that Rieman's employer controlled the parking lot. Because we conclude the location of injury was within a parking area, it is unnecessary to reach the Department's alternative argument.